# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Micah Asher Jefferson,  )
           )
     Plaintiff   )
           )
   vs.        )   Case No. _____
           )   *(The case number will be assigned by the clerk)*
Lieutenant Hart     )
           )
Correctional Officer Allison )
           )
MHP Ms. Martian    )
           )
Administrative Review Board Employee - )
  Ryan A. Kilduff,    )
           )
     Defendant(s) )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

### I. FEDERAL JURISDICTION

---

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Micah Asher Jefferson

Prison Identification Number: M-27640

Current address: 2500 Route 99 South Mount Sterling IL Western Illinois Correctional Center

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Lieutenant Hart

Current Job Title: Correctional Officer

Current Work Address 700 W. Lincoln Street, P.O. Box 99 Pontiac, IL 61764

Defendant #2:

Full Name: C/O Allison

Current Job Title: Correctional Officer

Current Work Address 700. W. Lincoln Street, P.O. Box 99 Pontiac, IL 61764

Defendant #3:

Full Name: Ms. Megan Martian

Current Job Title: Mental Health Professional

2

Current Work Address 700 W. Lincoln Street, P.O. Box 99
Pontiac, IL 61764

Defendant #4:

Full Name: Ryan A. Kilduff

Current Job Title: Administrative Review Board Employee

Current Work Address Administrative Review Board, P.O. Box 19277
Springfield, Il 62794-9277

Defendant #5:

Full Name: ∅

Current Job Title: _____

Current Work Address _____

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☑

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑    No ☐

C. If your answer to B is yes, how many? 3    Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number  17-CV-4219  Jefferson v. Dart
   Northern District of Illinois

2. Basic claim made  Failure to Protect

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  Settlement

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☑  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑  No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☑  No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Pontiac Correctional Center

4

Additional Cases

2nd Lawsuit

1. Jefferson v Asselmeier, Southern District of Illinois  3:19-cv-01079-RJD

2. Medical Malpractice

3. Pending

3rd Lawsuit

Jefferson v Kessler, Southern District of Illinois  3:20-cv-00579-RJD

1. 8th ammendment violation

2. Pending

Date(s) of the occurrence <u>September, 6 to September 9 of 2020</u>

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

(1) Officer Allison on the date of September, 6, 2020 falseified documents claiming that I Micah Jefferson wanted to "kill myself" because I had constantly asked him for a second sheet to cover up with (at the time I only had one sheet). Officer Allison told me to "cuff up" and when I asked him "why" he said "I'm getting you the f*ck of my gallary I'm tired of you asking for this sheet." Allison knew when a Officer claims a inmate states that they want to "kill themselves" there is nothing a inmate can say that will stop mental health from sending that inmate to suicide watch where the inmate is stripped naked placed into a cell and left there until mental health approves that inmate to return to population. Officer Allison did this simply to punish me because I asked him for a sheet. To be clear I never stated or told anyone that I wanted to kill myself while housed under I.D.O.C custody.

(2.) MHP Martian steered another MHP named Kayla who tried to not send me on suicide watch. MHP Kayla knew from what I was telling her that I was not suicidal, but MHP Martian took over the interview telling Kayla she could leave. When I attempted to tell Ms Martian that I was not suicidal Ms Martian stated that she did not care if I was or weren't she also told me when I get to suicide watch and everything is taken from me then I would learn to appreciate what I have. Martian also told me that

5

the regular cells on suicide watch were full and that I would be going to the other side and that I won't even have a mattress.

(3) Not to long after I was taken in cuffs and shackles to South Lowers (a cell house in Pontiac Prison) and stripped from all of my clothes in room 119. Allison had placed the cuffs and shackles so tight on my wrist and ankles that the metal cut the skin from my body. I told Lieutenant Hart who went to get a nurse but neither of them did anything. I was left in room 119 for almost 4 hours cuffed behind my back and shackled to a metal stool with the Air Condition on blast naked with the exception of a small plastic green vest. When I asked LT. Hart about turning off the A.C. he told me it was to freeze the crazy out of me. When officers finally came to get me I asked Lieutenant Hart about the mattress situation and he told me suicidal folks don't need a mattress. I was taken to cell 126 with no mattress and no blanket for 72 hours. I had and still am having back and neck pains which I never had until I was forced to endure the conditions I spoke about in this complaint. A nurse put me on pain medication and muscle relaxers and told me I had a bruised spine. When I go to sleep for the night and wake-up the next day I still have to strech for 10 minutes because my neck and back is stiff. Again I never had this problem before it was until after I was forced on suicide watch with no mattress that I began to suffer from neck and back problems.

(4) Ryan A. Kildoff faslified documents claiming I did not follow the time line outlined by DR.504 when I submitted my grievance to the Administrative Review Board. That is false. If this court

6

reviews the dates on the grievance's by the number of "089528" it will show that I submitted the grievance properly each time it was in my possession. For instance I wrote and turned the grievance in on October, 27, 2020 it's not my fault that the counselor didn't recieve it until December 1, 2020 and did not respond to it until April, 8, 2021. I then re-submitted to get a 2nd level response on April, 9, 2021 and I recieved it back May, 11, 2021. I sent it to the Administrative Review Board who recieved it May, 24, 2021 and made a ruling on it May, 27, 2021. In addition I filed a grievance October, 11, 2020 to the administrative review board about not recieving a response to the issues contained in this claim. Ryan A. Kilduff's decision in grievance number 089528 was not only a lie, but also stopped any help that I may have been given had he ruled in my favor. There is no timeline rule that I violated and each grievance that I have written concerning this issue is attached to this 1983 complaint for the court if they so choose to review them. Due to each defendant's intentional acts to harm the Plaintiff the plaintiff is suffering to this day neck and back problems which Plaintiff never had before this "suicide Watch" incident, which is where I was forced to sleep on a steel bunk with no mattress for 72 hours.

## RELIEF REQUESTED

(State what relief you want from the court.)

The plaintiff requests that this honorable Court Force I.D.O.C

7

Prison to change the policy that a security staff member be allowed to claim that a inmate said he "wanted to kill himself" and that is enough for Mental Health to send a prisoner on "Suicide Watch." Officers and Mental Health are using "Suicide Watch" as a punishment and those rules need to change. In addition Plaintiff is asking this Honorable court to be awarded $30,000 from each defendant due to each defendant had a role in this claim which has resulted in Plaintiff having neck and back pains to this very day and each defendant could of helped Plaintiff, but did not.

JURY DEMAND    Yes ☑    No ☐

Signed this __1__ day of __September__, 20__22__.

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Micah Jefferson | M-27640 |
| Address: 2500 Route 99 South Mount Sterling, IL, 62353 | Telephone Number: None |

8