UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICAH ASHER JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1298 |
| | ) | |
| DREW HART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for inhumane conditions of confinement and excessive force. The matter comes before this Court for ruling on several outstanding motions.

### DISCOVERY MOTIONS

### Plaintiff's Motion to Compel (Doc. 30)

Plaintiff seeks an order compelling Defendant Martin to provide more complete answers to Interrogatory Nos. 2, 4, 6, 7, 8, 9, and 13, arguing that the answers are nonresponsive. Each interrogatory seeks information regarding the evaluation process for placing an inmate on suicide watch. Defendant Martin objected that these interrogatories are compound or overbroad, or that Plaintiff's use of certain terms makes them vague and ambiguous. Notwithstanding these objections, Defendant Martin responds by referring Plaintiff to her answer to Interrogatory No. 1, which provides in relevant part:

> [A]n assessment as to whether an individual should be placed on any level of crisis watch is done in accordance with IDOC Administrative Directive 04.04.102. This process includes an assessment by a Crisis Team member in accordance with the standardized IDOC form, to gather information that is

> communicated to a clinically licensed mental health professional. I am a member of the Crisis Team but am not clinically licensed; therefore, [I] do not have the authority to initiate an inmate's suicide watch status. I report information to a supervisor, who makes the watch status determination in accordance with IDOC policy in place to ensure the safety of inmates.

(Doc. 30 at 5).

The Court can reasonably construe Plaintiff's interrogatories as seeking information regarding the weight Defendant Martin affords a correctional officer's assessment of an inmate's condition and the inmate's self-assessment (interrogatory nos. 4 and 9); the measures in place, if any, to ensure that a correctional officer is not trying to impose a crisis watch designation, and its associated restrictions, as a means to punish an inmate (interrogatory no. 2 and 8); and whether the person with authority to initiate a crisis watch relies upon Defendant Martin's assessments (interrogatory nos. 6, 7). Plaintiff's interrogatory no. 13 asks if Defendant Martin observes the conditions in an inmate's cell, including whether the inmate has a mattress, while conducting walkthroughs in the gallery.

Defendant Martin's response to Interrogatory No. 1 states in general terms that she follows IDOC policy and uses the associated forms when evaluating an inmate for a crisis/suicide watch designation. The answer itself provides little information regarding the factors Defendant Martin considers in her evaluations, and, while Fed. R. Civ. P. 33(d)(1) permits reference to policies or other records where information sought in an interrogatory may reasonably be found, Defendant Martin does not specify the provisions in the policy upon which she relies, nor indicate where Plaintiff can obtain the relevant forms. Defendant Martin only indicates in her response to interrogatory no. 9 that "information contained in IDOC incident reports completed by security and other staff are considered as part of the watch status determination in accordance with IDOC policy for the protection of inmates." (Doc. 30 at 8).

The factors Defendant Martin considers when evaluating an inmate for a crisis watch designation are relevant to Plaintiff's claim that she placed him on suicide watch for improper reasons. Absent specific reference to certain provisions or production of the forms at issue, her general reference to IDOC policy is not responsive to Plaintiff's discovery requests. The terms and phrases Plaintiff used to which she objected do not appear to exceed common usage and definition to the point that the nature of his requests cannot be discerned. Defendant Martin's response to interrogatory no. 13 that "each inmate on crisis watch sees a mental health provider daily" is not responsive to whether she observes the condition of the inmate's cell when she is in the gallery. Plaintiff's motion is granted. Defendant Martin shall supplement her responses as directed below.

### Plaintiff's Motion to Compel (Doc. 33) and Defendants' Motion for Protective Order (Doc. 37)

Plaintiff seeks order compelling Defendants to produce the names of inmates who were on suicide watch in a specific gallery between September 6-9, 2021, all grievances filed against the named defendants between January 2020 and January 2021, and all grievances filed by inmates who were on suicide watch and without a mattress between August 2020 and December 2020. Plaintiff argues that he needs this information to have the opportunity to question the other inmates about the mattress issue, to show that Defendants have "an unspoken policy to never admit guilt or any wrong doing [sic]," and to show Defendants' knowledge at the time he was placed on suicide watch that no mattress would be provided. Defendants responded to Plaintiff's requests by saying that these records are confidential.

Defendants' motion for a protective order indicates that they are willing to produce at least some of the documents Plaintiff seeks upon entry of a proposed protective order and subject

to an objection that production of the records may become unduly burdensome. Plaintiff objects to entry of the protective order and requests full production of the documents sought. (Doc. 38).

Defendants' request for a protective order is not unreasonable, especially considering that Plaintiff may be able to obtain the information he seeks through other, potentially less burdensome means. If Defendants are willing to investigate the issue as a compromise given Plaintiff's pro se status, the Court sees no reason to stand in their way. Defendants' motion for a protective order is granted. Because the Court cannot yet determine the extent to which Defendants may be able to produce the documents Plaintiff seeks, Plaintiff's motion to compel is denied with leave to renew.

## OTHER MOTIONS

### Plaintiff's Motion for a Subpoena (Doc. 40)

Plaintiff seeks the Court to issue subpoenas for: (1) Dr. Renzi, so that Plaintiff can "ask[] a series of questions to help clarify and resolve issues" related to Plaintiff's placement on suicide watch; (2) video footage from Pontiac Correctional Center on the dates relevant to this lawsuit; and (3) video footage from Pontiac Correctional Center stored at another IDOC facility.

Plaintiff should be able to obtain any video footage that may exist through discovery requests sent to the IDOC defendants. If Plaintiff wishes to depose Dr. Renzi, he must comply with Fed. R. Civ. P. 30, and he would be responsible for the costs of the deposition. Plaintiff's motion is denied.

### Plaintiff's Motions to Request Counsel (Docs. 26, 32)

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the

authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not yet shown that he attempted to obtain counsel on his own. A plaintiff typically does this by writing to several lawyers and attaching the responses.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff's motions do not provide any information regarding his level of education; he mostly argues that the discovery disputes discussed above warrant appointment of counsel. Plaintiff has personal knowledge of the facts, he has been able to adequately convey them to the

Court, he has demonstrated that he knows how to send discovery requests and how to seek the Court's help if issues arise. These claims do not appear overly complex, nor that they will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Compel [30] is GRANTED. Defendant Martin shall supplement her responses to Plaintiff's interrogatory nos. 2, 4, 6, 7, 8, 9, and 13 within 30 days of this Order.**

2) **Plaintiff's Motion to Compel [33] is DENIED with leave to renew.**

3) **Defendants' Motion for a Protective Order [37] is GRANTED. Clerk is directed to enter the proposed protective order attached to Defendants' motion with the Court's electronic signature.**

4) **Plaintiff's Motion for Subpoena [40] is DENIED.**

5) **Plaintiff's Motions to Request Counsel [26][32] are DENIED with leave to renew.**

Entered this 27th day of March, 2023.

                                       *s/Jonathan E. Hawley*
                                       JONATHAN E. HAWLEY
                                       UNITED STATES MAGISTRATE JUDGE