UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICAH ASHER JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1298 |
| | ) | |
| DREW HART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for inhumane conditions of confinement and excessive force. The matter comes before this Court for ruling on several outstanding motions.

**Plaintiff's Motion to Compel (Doc. 44)**

Plaintiff asks the Court to compel responses to his discovery requests. Defendants attached their discovery responses to their response and indicate that they have sent copies to Plaintiff. Plaintiff's motion is denied as moot.

**Plaintiff's Motion for Extension of Interrogatories (Doc. 53)**

Plaintiff asks the Court for leave to serve 10 interrogatories on Defendant Martin in excess of the 25 written interrogatories permitted by Fed. R. Civ. P. 33(a). Given Plaintiff's pro se status and the limited discovery tools available to incarcerated plaintiffs, Plaintiff's request is not unreasonable. If Defendant Martin believes that she has already provided the information Plaintiff, she may object accordingly and reference where the information has already been provided. Plaintiff's motion is granted.

### Plaintiff's Motion to Compel (Doc. 55)

Plaintiff seeks to compel Defendants Hart and Allison to produce information sought in discovery requests the Court addressed in its Order entered March 27, 2023. (Doc. 41). Plaintiff asserts that Defendants failed to provide information covered in a protective order and provided "intentional misleading answers" regarding video footage.

Regarding the video, Defendants provided emails from the Illinois Department of Corrections custodian of records stated that no video footage responsive to Plaintiff's request existed. Defendants cannot produce video that does not exist, and the Court finds that defense counsel's efforts to investigate the issue were reasonable. Plaintiff's motion as it relates to video footage is denied.

Defendants state that "Plaintiff needs to coordinate with the undersigned and the litigation coordinator…in order to see" the documents covered by the protective order, but they do not otherwise dispute that the documents have not been made available. (Doc. 60 at 2). Plaintiff's motion regarding the requests attached to his previous motions (Doc. 33) is granted. Defendants shall make arrangements with Plaintiff and officials at Plaintiff's present place of confinement for Plaintiff to review the documents at issue by the deadline set forth below.

### Defendant Martin's Motion for Extension of Time (Doc. 57)

Defendant Martin sought a short extension to respond to Plaintiff's motion for leave to serve additional interrogatories. The motion is granted. Defendant Martin filed the relevant documents within the timeframe requested. New deadlines are not necessary.

### Plaintiff's Request for a Status Update (Doc. 61)

Plaintiff requests a status update. This Order resolves all motions currently pending except for Defendants' motions for summary judgment. Plaintiff also appears to indicate that

because Defendants Hart and Allison failed to make available the information covered by the protective order that his summary judgment responses will be insufficient. The Court will permit Plaintiff an opportunity to supplement his summary judgment responses after he has had an opportunity to view the information discussed above. Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion [44] is DENIED.**

2) **Plaintiff's Motion [53] is GRANTED. Defendant Martin shall respond to the interrogatories attached to Plaintiff's motion within 30 days of this Order.**

3) **Plaintiff's Motion [55] is GRANTED in part and DENIED in part. Defendants Hart and Allison shall make arrangements with Plaintiff and officials at Plaintiff's present place of confinement for Plaintiff to review the documents at issue within 30 days of this Order. Once they have done so, Defendants Hart and Allison shall file a notice of compliance with the Court.**

4) **Defendant's Motion [57] is GRANTED.**

5) **Plaintiff's Motion [61] is GRANTED. Plaintiff is granted leave to supplement his summary judgment responses, if he deems it necessary, by November 3, 2023.**

Entered this 14th day of September, 2023.

*s/Jonathan E. Hawley*
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE