UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICAH ASHER JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-1298 |
| | ) | |
| DREW HART, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for inhumane conditions of confinement and excessive force. The matter comes before this Court for ruling on several outstanding motions.

**Defendants' Motion for Reconsideration (Docs. 78)**

Defendants Allison and Hart seek reconsideration of the Court's Order October 2, 2023, and modification of the previously entered protective order. District courts "may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

In its Order entered March 27, 2023, the Court denied without prejudice Plaintiff's motion to compel (Doc. 33) based on Defendants' representations that they were willing to produce some documents responsive to Plaintiff's discovery requests pending entry of a protective order and subject to an objection that production may become unduly burdensome.

(Doc. 41 at 3-4). The Court entered the proposed protective order shortly thereafter. (Doc. 42). The protective order provides in relevant part:

> 1. All confidential records that relate to other individuals in the custody of the Illinois Department of Corrections produced to Plaintiff in this action shall be kept in the litigation coordinator's office at the Western Illinois Correctional Center and provided to Plaintiff in the visiting room or other secure area for his review and use in litigation.
>
> 2. Plaintiff will not be permitted to keep or make photocopies of confidential records.
>
> 3. Plaintiff shall not use, disclose or disseminate any of the confidential records other than for purposes directly related to this litigation and shall not disclose or disseminate them to any others, without prior written permission of the Department of Corrections or by order of the Court.

*Id.*

On May 5, 2023, Plaintiff filed a renewed motion to compel stating that Defendants "[had] not given any information for which the Plaintiff sought" in his previous motion. (Doc. 55 at 2). Defendants responded that they had "filed a successful motion for a protective order seeking to prevent unauthorized disclosure" of the materials Plaintiff sought, and that because "the documents that Plaintiff is requesting are under a protective order, Plaintiff needs to coordinate with [defense counsel] and the [prison's] litigation coordinator…in order to see the requested documents." (Doc. 60 at 1-2, ¶¶ 3, 7).

The Court's Order entered October 2, 2023, granted Plaintiff's motion to compel and directed Defendants to facilitate Plaintiff's review of the relevant documents. (Doc. 71 at 2). Defendants ask the Court to reconsider this order. (Doc. 78). They also seek to modify the terms of the protective order currently in place to indicate "that Defendants 1) are not required to produce private health information of other individuals in custody, and 2) may withhold the requested grievances due to the unduly burdensome nature of obtaining such in contrast to the lack of relevance and admissibility." *Id.* at 5-6, ¶ 24.

The Court deferred ruling on Plaintiff's first motion to compel based on Defendants' representations that they would attempt to resolve at least a portion of the disputed issues without court involvement. Defendants tacitly conceded in their previous response that they took no steps towards this end, and Plaintiff finds himself no closer to obtaining information Defendants have apparently deemed responsive. Entry of the protective order Defendants now propose effectively sustains the objections they made in their initial discovery responses, preemptively grants an objection (unduly burdensome) they arguably waived by failing to assert it in their initial discovery responses,[1] and endorses the six-month delay that resulted from Defendants' inaction.

Defendants owe Plaintiff a supplemental discovery response that provides (1) the discovery Defendants are willing to produce subject to the protective order; (2) the precise reason certain discovery cannot or will not be produced; or (3) both. Unless and until that happens, the Court cannot ascertain the breadth of the dispute and any ruling on an objection is premature. The language in the protective order currently in place sufficiently protects against dissemination of any information the parties deem confidential. Defendants' motion is granted to the extent that they seek leave to provide a supplemental discovery response consistent with this Order and denied as to any other relief requested.

### Plaintiff's Motion for Clarification (Doc. 79)

Plaintiff seeks a status on the pending summary judgment motions and clarification regarding whether he is permitted to respond to Defendants' motion to reconsider. Plaintiff is permitted to respond to any motion the defendants file, and the Court will rule upon the pending

---

[1] *See* (Doc. 36-4 at 2, ¶¶ 4, 5) (objecting to Plaintiff's discovery requests only on the grounds that disclosure of inmates on watch "would contain[] protected health information of other inmates," and that disclosure of grievances filed against the defendants "would expose confidential information of other inmates."); *Vander Pas v. Bd. of Regents of Univ. of Wis. Sys.*, --- F. Supp. 3d ---, 2023 WL 2651334, at *13 (E.D. Wis. 2023) (failure to raise objection in initial discovery response constituted a waiver of the objection).

motions for summary judgment once the discovery dispute discussed above is resolved. To the extent that Plaintiff indicates that he has not received documents, Defendant Martin indicates that she will attempt to remedy the situation. *See* (Doc. 86). Plaintiff's motion is granted to the extent that he seeks the above information and denied as to any other relief requested.

**Plaintiff's Motion for Settlement Conference (Doc. 80)**

Plaintiff seeks a settlement conference. The Court does not conduct settlement conference unless all parties are willing to participate. Defendant Martin indicates that she does not believe a settlement conference at this stage will be productive. *See* (Doc. 85). Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion to Reconsider [78] is GRANTED in part and DENIED in part. Defendants Allison and Hart shall provide Plaintiff with the relevant discovery responses and facilitate Plaintiff's review of any confidential documents within 21 days of this Order.**

2) **Plaintiff's Motion for Clarification [79] is GRANTED in part and DENIED in part.**

3) **Plaintiff's Motion for Settlement Conference [80] is DENIED.**

Entered this 20th day of October, 2023.

                *s/Jonathan E. Hawley*
                JONATHAN E. HAWLEY
                UNITED STATES MAGISTRATE JUDGE